# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LEWIS W. FENNELL,

        Petitioner,

v.

JUSTIN JONES, DOC DIRECTOR,

        Respondent.

Case No. CIV 09-275-RAW-KEW

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, is challenging two misconduct convictions he received at Oklahoma State Penitentiary in McAlester, Oklahoma, which resulted in his loss of earned credits and which he claims have adversely affected his prospects for parole. He has not filed a response to the respondent's motion.

On December 8, 2008, petitioner received a copy of a disciplinary report for Group Disruptive Behavior, later amended to Menacing, after he incited other inmates to refuse to be restrained with handcuffs on the prison exercise yard. After an investigation was completed, a disciplinary hearing was held on December 15, 2008, with petitioner present. Petitioner was found guilty and discipline was imposed. The facility head reviewed and approved the decision on December 24, 2010. Petitioner appealed to the facility head and DOC Director, but relief was denied on February 26, 2009. He did not file a petition for judicial review in the state district court or an appeal to the Oklahoma Court of Criminal Appeals.

On January 21, 2009, petitioner received a copy of a disciplinary report for Possession/Manufacture of Contraband, after homemade beer was found in his cell. An investigation was completed, and his disciplinary hearing was held on January 27, 2009, with petitioner in attendance. He was found guilty and punishment was imposed. The facility head reviewed and approved the decision on February 2, 2009. No earned credits were revoked, because petitioner had none to revoke. Petitioner did not file a proper administrative appeal, a petition for judicial review, or an appeal to the Oklahoma Court of Criminal appeals.

The respondent alleges petitioner has not exhausted his state court remedies by presenting his claim to a state district court through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, and then appealing any adverse decision to the Oklahoma Court of Criminal Appeals. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, effective May 10, 2005. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D).

Petitioner's failure to pursue his state court remedies is complicated by the fact that it now is too late for him to file a petition for judicial review. Under § 564.1(A)(1) he had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal

process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, 548 U.S. 81 93 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

With respect to petitioner's claim about his consideration for parole, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1978). Furthermore, the Oklahoma statutes governing parole do not establish a liberty interest, protected by specific due process procedures. *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979). "Oklahoma law lacks not only mandated standards of inmate-parole-release eligibility but also those that would structure eligibility for mere consideration of parole release." *Phillips v. Williams*, 608 P.2d 1131, 1135 (Okla.), *cert. denied*, 449 U.S. 860 (1980).

**ACCORDINGLY,** respondent's motion to dismiss petitioner's petition for a writ of habeas corpus [Docket #15] GRANTED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this ___9th___ day of September 2010.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**